[Civ. No. 16829.   Second Dist., Div. One.   July 19, 1949.]

GUY B. PILTINGSRUD, Respondent, v. CHARLES
HARMAN et al., Appellants.

Michael Lavelle for Appellants.

Harry Alkow for Respondent.

DORAN, J.—This is an appeal from the judgment.

Defendants Harman and McKinney had leased a health resort known as Seminole Hot Springs; plaintiff was employed to manage and operate the business. A month or so thereafter plaintiff entered into an agreement by the terms of which in substance plaintiff was to purchase an interest in the business for $7,500 provided plaintiff could obtain that amount. It was agreed as the plaintiff testified, that $2,500 which was paid to defendants by plaintiff would be considered a loan, if plaintiff was unable to obtain the additional $5,000. Other interests were sold by defendants Harman and McKinney; plaintiff was unable to obtain the additional $5,000 and demanded payment of the alleged loan. Payment being refused the within action "for money loaned" followed.

The court found for plaintiff, that is to say, at the conclu-

sion of the trial the trial judge stated in part, "The court holds it is a loan"; the findings recited that defendants Harman and McKinney "had regarded said sum of $2,500.00 delivered to them by plaintiff, as a loan . . . ."

It is contended on appeal that "The evidence was insufficient to justify the judgment"; that the court erred in rendering judgment for plaintiff on both the first cause of action for money loaned and on the second cause of action for money had and received, and that the court erred in "permitting plaintiff to amend his complaint after the trial and after the cause was submitted."

At the conclusion of the trial and during the argument, the record reveals the following: "THE COURT: Do you wish to amend, Mr. Alkow, your complaint to include another count for moneys had and received?

"MR. ALKOW: Yes, I meant to do that . . . ." The defendant objected, whereupon the court stated, "I cannot see that your cause has been damaged any, Mr. Lavelle, by permitting this amendment to be made . . . ." An argument followed but, it does not appear why the suggestion was made by the court in the first instance. In any event no prejudice appears to have resulted; the amendment was surplusage and unnecessary and there is substantial evidence to sustain the findings based on the complaint as filed.

The record reveals no prejudicial errors wherefore the judgment is affirmed.

White, P. J., and Drapeau, J., concurred.